O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MAVIS MURPHY, | ) | Case No. CV 11-02719 DDP (CWx) |
| Plaintiff, | ) ) | |
| v. | ) ) | **ORDER GRANTING MOTION TO DISMISS AND REMANDING** |
| METROCITIES MORTGAGE LLC; ~~INVESTORS TITLE COMPANY;~~ ~~FIRST AMERICAN TITLE~~ ~~INSURANCE; MORTGAGE~~ ~~ELECTORNIC REGISTRATION~~ ~~SYSTEMS~~, | ) ) ) ) ) ) ) | [Motion filed on 5/23/11] [Docket Number 15] |
| Defendants. | ) ) | |

Presently before the court is the Motion to Dismiss Plaintiff's First Amended Complaint filed by Defendants Central Mortgage Company ("Central Mortgage")and Old Repubublic Default Management Services ("Old Republic"). Having considered the submissions of the parties, the court grants the motion and adopts the following order.[1]

///

---

[1] The court notes that Plaintiff's Opposition does not appear to have been tailored to the instant motion. The Opposition cites to page numbers in Defendants' Motion that do not exist and addresses arguments not raised in Defendants' motion or at issue in this case.

## I. Background

On or about June 19, 2006, Plaintiff obtained a loan, secured by a Deed of Trust, from Metrocities Mortgage, LLC ("Metrocities") in the amount of $880,000 (the "Loan") for the real property located at 707 Quail Valley Lane, West Covina, California 91791 (the "Property"). (Defendants Central Mortgage and Old Republic's Motion to Dismiss at 3:15-18.) Plaintiff subsequently defaulted on her loan payments, and a Notice of Default was recorded on the Property on April 30, 2009. (Motion to Dismiss 3:19-20.)

On June 8, 2009, Mortgage Electric Systems, Inc. ("MERS"), as nominee for Metrocities, assigned the loan and Deed of Trust for the loan to Central Mortgage. (Motion to Dismiss 3:21-23.) Also on June 8, Defendant Old Republic became the trustee under the Deed of Trust through a Substitution of Trustee. (FAC ¶ 79.) On November 20, 2009, after Plaintiff failed to cure her default on the Property, a Notice of Trustee's Sale was recorded. (Motion to Dismiss 3:26-27; FAC ¶ 83.)

Plaintiff filed the instant action in Los Angeles County Superior Court on February 2, 2011. (Exhibit A to Notice of Removal, Dkt. No. 1.) Defendants removed to this court on March 31, 2011, asserting that this court had federal question jurisdiction over Plaintiff's Truth in Lending Act ("TILA") and Real Estate Settlement Procedures Act ("RESPA") claims. Plaintiff filed a First Amended Complaint ("FAC") on April 29, 2011, deleting the RESPA claim. Plaintiff's FAC claims that her Loan was improperly transferred during the securitization process, so none of the Defendants have a legal, equitable, or pecuniary interest in Plaintiff's debt obligation. (FAC ¶¶ 4, 46, 108.) Plaintiff also

alleges that various documents, including the Substitution of Trustee, the Notice of Default and the Notice of Sale, were knowingly falsified. (FAC ¶ 15.)  As such, Plaintiff argues that the non-judicial foreclosure proceedings initiated against her were unlawful. (See, e.g., FAC ¶¶ 1, 3, 133.)  Plaintiff's FAC asserts five causes of action for negligence, negligent infliction of emotional distress, violation of TILA, and violation of various sections of California's Business and Professions Code. (FAC ¶¶ 197-249.) Defendants now move to dismiss the FAC.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth." Id. at 1950. In other words, a pleading that merely offers "labels and conclusions," a "formulaic recitation of the elements," or "naked assertions" will not be sufficient to state a claim upon which relief can be granted. Id. at 1949 (citations and internal quotation marks omitted).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief." Id. at 1950. Plaintiffs must allege "plausible grounds to infer" that their claims rise "above the speculative level." Twombly, 550 U.S. at 555-56. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950.

**III.  Discussion**

  A.  Fourth Cause of Action:  Truth in Lending Act Claim

Plaintiff's Fourth Cause of Action alleges that Central Mortgage violated TILA Section 131(g), 15 U.S.C. §1641(g), by failing to provide Plaintiff with notice of the June 8, 2009 assignment of the Loan and Deed of Trust to Central Mortgage.  (FAC ¶¶ 233-234.)  This claim is time barred.

A civil action for a TILA violation seeking damages must be brought within one year of the violation.  15 U.S.C. § 1640(e).  As a general rule, the limitations period of 15 U.S.C. § 1640(e) "runs from the date of consummation of the transaction." King v. California, 784 F.2d 910, 915 (9th Cir. 1986).  It is clear from the face of the FAC that TILA's one-year statute of limitations expired on June 8, 2009.

Plaintiff argues that the statute of limitations should be equitably tolled because she did not discover the purported violation until February 2011.  (Opp. at 21.)  Equitable tolling "might be appropriate in certain circumstances." Id. at 914.  This court must examine Plaintiff's claims of fraudulent concealment and

4

equitable tolling "to determine if the general [one-year] rule would be unjust or frustrate the purpose of [TILA] and adjust the limitations period accordingly."  Id. at 915.

In support of her equitable tolling argument, Plaintiff claims that she never received a copy of the Assignment as required by TILA.  (FAC ¶ 236.)  Plaintiff alleges that she did not discover that Defendant Central Mortgage had violated TILA by failing to provide notice of the Assignment "until on or about February 2011 when she retained counsel and discovered that her mortgage had allegedly been 'assigned' to Central Mortgage."  (Id.)  Plaintiff further alleges that she could not have, with reasonable diligence, discovered such facts because she did not receive a copy of the Assignment as required by TILA.  (Id.; Opp. at 22.)

Plaintiff's argument fails.  "[T]he mere existence of TILA violations and lack of disclosure does not itself equitably toll the statute of limitations."  Garcia v. Wachovia Mortgage Corp., 676 F.Supp.2d 895, 906 (C.D. Cal. 2009).  "[A] contrary rule would render the one-year statute of limitations meaningless, as it would be tolled whenever there were improper disclosures."  Id. Excepting the lack of disclosure itself, Plaintiff has not shown fraudulent concealment by Central Mortgage or any other circumstance warranting equitable tolling.[2]  Plaintiff's TILA claim is time barred, and must be dismissed.

---

[2] The court notes that even if Plaintiff's TILA claim were timely, she has not alleged any actual damages resulting from Central Mortgage's failure to provide notice of the assignment. See 15 U.S.C. 1640(a)(1); Beall v. Quality Loan Serv. Corp., 2011 WL 1044148 at *6 (S.D. Cal. 2011) (dismissing TILA claim where plaintiff failed to allege that assignment of a Deed of Trust caused actual damages).

5

    B.   Remaining State Law Claims

This case was removed to this court on the basis of federal question jurisdiction. 28 U.S.C. § 1331. The Notice of Removal does not assert that diversity jurisdiction exists. Having dismissed Plaintiff's only federal cause of action, the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. See 28 U.S.C. § 1367(c)(3); <u>Ove v. Gwinn</u>, 264 F.3d 817, 826 (9th Cir. 2001) ("A court may decline to exercise supplemental jurisdiction over related state-law claims once it has dismissed all claims over which it has original jurisdiction.").

**IV. Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss is GRANTED. Plaintiff's Fourth Cause of Action is dismissed as time barred. The remaining claims are REMANDED to state court. In addition, the following motions are vacated - docket numbers 37, 38 and 41.

IT IS SO ORDERED.

Dated: September 27, 2011

                              DEAN D. PREGERSON
                              United States District Judge